IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AMBER R. YOUNG,

                Plaintiff,

v.                                                            ORDER

CAROLYN W. COLVIN,                              15-cv-589-jdp
Acting Commissioner of Social Security,

                Defendant.

---

Plaintiff Amber R. Young seeks judicial review of a final decision of defendant Carolyn W. Colvin, the Acting Commissioner of Social Security, finding her not disabled within the meaning of the Social Security Act. The court held a telephonic hearing on Young's motion for summary judgment on June 28, 2016. Young contends that the ALJ erred in her assessment of a treating source medical opinion and in her evaluation of Young's credibility. The court agrees and will remand this case to the Commissioner for further proceedings.

Young suffers from obesity, connective tissue disorder, arthritis, and dermatitis/psoriasis. Her doctor also diagnosed lower back pain, depression, myofascial pain syndrome, and high blood pressure. The ALJ determined that despite her impairments, Young maintained the residual functional capacity (RFC) to perform sedentary work with additional restrictions. R. 22.[1] Young requires a sit/stand option so that she can stand for a few minutes every hour without leaving the workstation. *Id.* She cannot perform repetitive foot controls with the left foot. *Id.* She can occasionally use both arms and hands for

---

[1] Record citations are to the administrative record. Dkt. 5.

handling, fingering, and reaching. *Id.* Based on this RFC, the ALJ determined that Young could perform jobs in the economy and was thus not disabled.

## A. Treating source opinion

Young contends that the ALJ failed to adequately apply the factors of 20 C.F.R. § 404.1527(c) in weighing the opinion of her treating doctor, Richard K. Westphal, MD. Dr. Westphal diagnosed Young with psoriatic arthritis, dermatitis/psoriasis, myofascial pain syndrome, hypertension, high blood pressure, and pain and swelling in her hands, feet, knees, and back. R. 508. He opined that she could neither sit nor stand for longer than one hour, and that she would need to alternate between the two every 15 to 30 minutes. R. 510-11. He further opined that Young would need unscheduled breaks every hour for 10 to 15 minutes. R. 513.

As a treating source, Dr. Westphal's opinion is entitled to controlling weight if it is "well-supported" and "not inconsistent with the other substantial evidence" in the record. 20 C.F.R. § 404.1527(d)(2); *Scott v. Astrue*, 647 F.3d 734, 739 (7th Cir. 2011). But the ALJ largely rejected Dr. Westphal's opinion, first declining to give the opinion controlling weight, ultimately giving it only "little weight." R. 24. The ALJ recognized that Dr. Westphal was a treating source, but stated that "his opinions are not consistent with other substantial evidence in the record" or "supported by the record as a whole, including his own objective findings and other treatment records." *Id.* But the ALJ failed to cite to any particular evidence from the record to show that Dr. Westphal's opinion was inconsistent with anything in the record.

The ALJ's conclusion that Dr. Westphal's opinion was not supported by the record is also questionable. It is well settled that a claimant's reports of pain need not, and often

2

cannot, be confirmed by medical evidence, and that subjective symptoms cannot be disregarded for that reason. *Simila v. Astrue,* 573 F.3d 503, 517 (7th Cir. 2009) ("An ALJ may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence.") (internal quotation marks and citation omitted). The ALJ was thus wrong to cite Dr. Westphal's reliance on subjective symptoms as a reason to discount his opinion. Moreover, Dr. Westphal's notes documented observable symptoms such as swelling and decreased range of motion, and medical imaging also gave at least some support for Young's claimed pain. Thus, Young's symptoms have some support in objective evidence. Dr. Westphal's notes documented Young's reported symptoms over time, which lends some support to her subjective reports. The ALJ also criticized Dr. Westphal because he "did not have access to the hearing testimony or [later-produced] documentary evidence, both medical and nonmedical, in the case record." *Id.* But these criticisms could also be leveled against the state agency reviewers, a putative shortcoming of those opinions that ALJ overlooked.

      The ALJ went on to give the two agency doctors' opinions "greater weight," although those opinions were from non-examining sources and were not consistent with each other; one recommended light work and the other recommended sedentary work. R. 72 and R. 86. To reconcile the discrepancy, the ALJ, claiming to give Young "every advantage," adopted the sedentary work level and then added restrictions to the RFC. R. 24. The ALJ did not explain why the agency doctors' opinions were more compelling than Dr. Westphal's opinion.

      Ultimately, the ALJ failed to explain why Dr. Wesphal's opinion was not entitled to controlling weight, why it was entitled to only "little weight," or why the agency doctors' opinions were entitled to "greater weight." Accordingly, she failed to build a logical bridge

3

from the evidence to her conclusion, *Pepper v. Colvin*, 712 F.3d 351, 362 (7th Cir. 2013), and the decision merits remand so that the ALJ can properly consider the opinion.

**B. Credibility**

Young contends that the ALJ wrongly discounted her credibility. The ALJ is in the best position to determine Young's credibility, and that determination should be upheld unless it is patently wrong. *Stepp v. Colvin*, 795 F.3d 711, 720 (7th Cir. 2015). Here, the ALJ discredited Young's "statements concerning the intensity, persistence and limiting effects of [her] symptoms" for questionable reasons. R. 23.

First, the ALJ stated that Young's testimony about her extreme limitations was unsupported by objective medical findings. But "an individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence." *Bjornson v. Astrue*, 671 F.3d 640, 646 (7th Cir. 2012) (quoting SSR 96-7p).

Second, the ALJ stated that Young's restrictions are contradicted by her daily activities. Specifically, the ALJ stated that Young engages in: driving, shopping, preparing simple food, doing dishes, dusting, sweeping, folding laundry, going out to dinner, visiting her granddaughter, and attending class. However, Young's testimony revealed that her ability to engage even in those activities is quite limited. And the ALJ failed to explain how those activities translate into a capacity for fulltime work. *Id.* at 647.

Third, the ALJ stated that Young received unemployment benefits during the period of her alleged disability and that her inconsistent (part-time) work history suggested that her inability to work may not be related to her medical condition. R. 24. Although both are valid

reasons to discredit a claimant, *Schmidt v. Barnhart*, 395 F.3d 737, 746 (7th Cir. 2005) (applying for unemployment benefits represents an ability to work and may play a role in assessing subjective complaints of disability.); *Simila v. Astrue*, 573 F.3d 503, 520 (7th Cir. 2009) (declining earnings before the onset of an alleged disability may diminish the claimant's credibility), the record in this case does not support a conclusion that Young was being duplicitous or dishonest about her ability to work.

The ALJ's reasons for discounting Young's credibility are questionable, although perhaps not so patently wrong to serve as an independent basis for remand. But, because the case will be remanded to reconsider Dr. Westphal's opinion, the Commissioner is directed to reassess Young's credibility as well.

ORDER

Accordingly, IT IS ORDERED that the decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, denying plaintiff Amber R. Young's application for disability benefits is REVERSED and REMANDED under sentence four of 42 U.S.C. § 405(g). The clerk of court is directed to enter judgment for plaintiff and close this case.

Entered July 1, 2016.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge